IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>AMCO INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, and NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>Defendants. | 4:25CV3204<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court after a review of the pleadings. The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" *See* 28 U.S.C. § 1332(a). "When a case is in federal court

because it has been removed there by the defendant and it turns out the district court lacks subject matter jurisdiction to decide the claims, 'the case shall be remanded.'" *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 514 (8th Cir. 2022) (quoting 28 U.S.C. § 1447(c)). Where the defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Defendant AMCO Insurance Company ("AMCO") removed this action from the District Court of Lancaster County, Nebraska on October 7, 2025, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a). Filing No. 1. According to their Notice of Removal, AMCO asserts complete diversity of citizenship exists because "Plaintiff is a Nebraska limited liability company. Defendant AMCO Insurance Company is a corporation formed under the laws of the State of Iowa with its principal place of business in Iowa." Filing No. 1 at 2. However, AMCO does not state the place of citizenship for Defendants Allied Property and Casualty Company, Nationwide Mutual Insurance Company or Nationwide General Insurance Company. Moreover, it is unclear whether AMCO complied with 28 U.S.C. § 1446(b)(2)(A) by obtaining consent of the other served Defendants.[1] Therefore, on the record before the Court, it is unclear whether complete diversity exists. Accordingly,

IT IS ORDERED that AMCO shall have until November 3, 2025, to show cause why this case should not be remanded to the District Court of Lancaster County, Nebraska for lack of subject matter jurisdiction.

---

[1] While AMCO may have complied with 28 U.S.C. § 1446(a) by filing a copy of all process, pleadings, and orders served upon it with their notice of removal, they did not include all filings on the state court docket. A review of the state court docket illustrates a service return filed as to Defendants Allied Property and Casualty Company, Nationwide Mutual Insurance Company, and Nationwide General Insurance Company.

Dated this 20th day of October, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge
